1

2

3

4

5               UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7                      OAKLAND DIVISION

8

9   KHAWIL and SALMA IBRAHIM,          Case No:  C 11-0802 SBA
    individuals,
                                       **ORDER**
10              Plaintiffs,
                                       Dkt. 8, 20
11       vs.

12  MORTGAGEIT, INC., a New York
    corporation; and BANK OF NEW YORK
13  CORPORATION, a New York corporation;
    and DOES 1 through 100, inclusive,
14
                Defendants.
15

16

17          Plaintiffs Khawil and Salma Ibrahim (collectively "Plaintiffs") filed the instant

18  action against Defendants MortgageIT, Inc. ("MortgageIT"), and the Bank of New York

19  Corporation ("Bank of New York") in Alameda County Superior Court on February 19,

20  2010, alleging a single claim for rescission and damages under the Truth in Lending Act

21  ("TILA").  Pursuant to 28 U.S.C. § 1441(a), MortgageIT removed the action on federal

22  question and diversity jurisdiction grounds.  The parties are now before the Court on

23  Defendants' respective motions to dismiss, pursuant to Federal Rule of Civil Procedure

24  12(b)(6).  Dkt. 8, 20.  Having read and considered the papers filed in connection with this

25  matter and being fully informed, the Court hereby GRANTS MortgageIT's motion, and

26  GRANTS IN PART and DENIES IN PART the Bank of New York's motion.  The Court,

27  in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R.

28  Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.       BACKGROUND

### A.       FACTUAL SUMMARY

Plaintiffs are the owners of property located at 5427 Maybeck Lane, Livermore, California ("the Property").  Compl. ¶¶ 4, 14, Dkt. 1.  The Property was encumbered by two mortgages with Bank of America in amounts of $250,000, and $100,000, respectively. Id. ¶ 15.  To refinance their existing mortgages, Plaintiffs obtained a new loan from MortgageIT in the amount of $750,000.  Id. Ex. C (copy of Deed of Trust).  On June 16, 2006, Plaintiffs went to the offices of American Mutual Financial Services to sign loan documents for the new mortgage.  Id. ¶ 16.  Plaintiffs each were given two TILA "Notice of Right to Cancel" forms.  Id. ¶ 17.  The forms were dated June 16, 2006, but the space for the deadline to cancel the transaction was left blank.  Id.

On January 16, 2007, Plaintiffs, through their counsel, sent written notice to MortgageIT demanding rescission of their loan.  Simmons Decl. ¶ 3 and Ex. A, Dkt. 23-1.[1] Believing that Countrywide Home Loans ("Countrywide") may actually have been the loan originator or that MortgageIT had sold the mortgage to Countrywide, Plaintiffs also sent a notice of rescission to Countrywide on June 8, 2007.  Id. ¶ 4 and Ex. B.  Having received no response from Countrywide or MortgageIT, Plaintiffs sent follow up letters to both on August 17, 2007.  Id. ¶¶ 5-6 and Exs. C, D.  On a date not specified in the papers, Countrywide subsequently requested and received from Plaintiffs an extension to October 5, 2007, to respond to their request for rescission.  Id. ¶ 7.[2]

On October 5, 2007, Countrywide faxed a letter to Plaintiffs' counsel requesting a further extension of time to respond to enable it to investigate the matter further.  Id. ¶ 8

---

[1] Plaintiffs proffered copies of various documents referenced in the Complaint through the declaration of attorney Pamela D. Simmons.  Because the documents are referenced in the Complaint and no party has questioned their authenticity, the Court may properly take judicial notice of said documents.  See Dunn v. Castro, 621 F.3d 1196, 1204 n.6 (9th Cir. 2010) (taking judicial notice of documents attached as exhibit to defendant's motion to dismiss where such document was referenced in the complaint and whose authenticity was unchallenged).

[2] Under TILA, a creditor has twenty days to act on a request for rescission.  See 15 U.S.C. § 1635(b).

and Ex. E.  On October 9, 2007, Plaintiffs' counsel notified Countrywide that he was amenable to granting an extension and inquired about the amount of time it needed.  Id. ¶ 9 and Ex. F.  Countywide never responded to Plaintiffs' October 9 letter.  Id. ¶ 10.  Thus, on March 6, 2008, Plaintiffs sent a follow up letter to Countrywide to determine the status of its investigation.  Id. Ex. G.

In July 2008, Plaintiffs' counsel learned that BAC Home Loans Servicing, LP ("BAC"), a subsidiary of Bank of America, N.A., had acquired Countrywide and changed its name to Bank of America Home Loans ("BAC Home Loans").  Id. ¶ 11.  Thereafter, counsel for Plaintiffs and BAC Home Loans began discussing a "continuing agreement to toll the statute of limitations[.]"  Id.  Counsel for Plaintiffs and BAC Home Loans subsequently entered into a written agreement on December 22, 2009, "to toll the statute of limitations with respect to [Plaintiffs'] alleged Truth-in-Lending Act disclosure violation claims for a period of sixty (60) days from the day of this letter."  Id. Ex. H.  The letter states that "[t]he sole purpose of this agreement is to allow both parties the opportunity to attempt to resolve this dispute without the necessity of litigating it."  Id.  In February 2010, with the agreed upon deadline approaching, Plaintiffs' counsel prepared a Complaint, naming MortgageIT and the Bank of New York, which acquired the mortgage from BAC Home Loans, as defendants.  Id. ¶ 12.[3]

**B.    PROCEDURAL HISTORY**

On February 19, 2010, Plaintiffs filed a Complaint for:  Rescission Under Truth in Lending Act in state court against Defendants.  The Complaint alleges a single cause of action for rescission based on Regulation Z, 12 C.F.R. § 226, a regulation promulgated under TILA.  Although not included in the cause of action itself, the prayer to the Complaint requests an award of actual and statutory damages, presumably under TILA as

---

[3] In late December 2010, Plaintiffs received a Mortgage Loan Transfer Disclsoure Notice from the Bank of New York stating that it was the "new creditor" of their mortgage, effective December 17, 2010.  Id. ¶ 12 and Ex. I.  The notice further stated that BAC Home Loans Servicing LP "was the mortgage company servicing [their] loan" and the agent for the Bank of New York.  Id.

well.   On February 22, 2011, MortgageIT filed a notice of removal under 28 U.S.C. § 1441(a) based on federal question and diversity jurisdiction.   The Bank did not consent to or join in the removal.[4]

MortgageIT has filed a Rule 12(b)(6) motion which seeks dismissal of the action on the grounds that (1) Plaintiffs' TILA claim is time-barred, and (2) Plaintiffs failed to allege a willingness to tender.   Dkt. 25.   In its motion, the Bank of New York makes the same arguments and, in addition, asserts that Plaintiffs, in fact, received properly completed TILA notices and that the deadline to rescind lapsed on June 20, 2006.   The motions have been fully briefed and are ripe for decision.

## II.   LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).   In deciding a Rule 12(b)(6) motion, the court  generally "consider[s] only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."   Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).   The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."   Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).   The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).   Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.   Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

---

[4] Although the failure of all parties to join in a removal constitutes a procedural defect, Plaintiffs waived such defect by failing to timely file a motion to remand.  28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal ….").

III.   **DISCUSSION**

A.   OVERVIEW OF TILA

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit."  15 U.S.C. § 1601(a); Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1118 (9th Cir. 2009).  The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights."  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, (1998).  TILA also requires the lender to disclose to borrowers their right to rescind or cancel a transaction.  See 15 U.S.C. § 1635(a).

A borrower has two remedies under TILA:  (1) actual and statutory damages, 15 U.S.C. § 1640; and/or (2) rescission, id. § 1635(a).  A claim for damages must be brought "within one year from the date of the occurrence of the violation[.]"  15 U.S.C. § 1640(e).  A consumer desiring to rescind the transaction must, within three days of consummation of the transaction or the delivery of the disclosure forms required under § 1635, notify the creditor of his intent to rescind.  15 U.S.C. § 1635(a).  However, "[i]f proper notice of rescission rights is not delivered to the consumer at the time of closing, and the lender fails to cure the omission by subsequently providing the proper information, the consumer's usual right to rescind within three days of closing is extended to three years."  Miguel v. Country Funding Corp., 309 F.3d 1161, 1163 (9th Cir. 2002) (citing 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3)) (emphasis added).  "[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."  Id.[5]

---

[5] A statute of repose and statute of limitation are distinct concepts.  "A statute of limitations requires a lawsuit to be filed within a specified period of time after a legal right has been violated.... On the other hand, statutes of repose are designed to bar actions after a specified period of time has run from the occurrence of some event other than the injury which gave rise to the claim." McDonald v. Sun Oil Co.  548 F.3d 774, 779 (9th Cir. 2008) (internal quotations and citation omitted).

**B.    RESCISSION**

**1.    Timeliness**

A statute of limitations defense may be raised by a motion to dismiss if "the running of the statute is apparent on the face of the complaint." <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 969 (9th Cir. 2010).  Here, Defendants argue that Plaintiffs' TILA claim for rescission is barred by the three-year statute of repose under § 1635(f) because Plaintiffs did not file suit until February 19, 2011, which is more than three years after the loan was consummated on June 16, 2006.  Plaintiffs counter that § 1635(f) merely requires that "the notice of rescission—not the lawsuit itself—be presented to defendants within three years."  Pls.' Opp'n to Bank's Mot. at 8, Dkt. 23.  For the reasons that follow, the Court agrees with Plaintiffs that to effect rescission of a credit transaction under TILA, the borrower need only provide a notice of rescission to the creditor.  <u>See</u> 15 U.S.C. § 1635(a).

"[T]he starting point for interpreting a statute is the language of the statute itself." <u>Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.</u>, 484 U.S. 49, 56 (1987). Section 1635(a) specifies that a borrower may rescind a transaction within three days "by <u>notifying the creditor</u>" of its request to rescind.  15 U.S.C. § 1635(a) (emphasis added). Section 1635(f) sets an outside time limit on the right to rescind and provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first…."  <u>Id.</u> § 1635(f). Once a creditor receives a notice of rescission, it has twenty days to "return to the obligor any money or property given as earnest money, downpayment, or otherwise, and … take any action necessary or appropriate to reflect the termination of any security interest created under the transaction."  <u>Id.</u> § 1635(b).  In the event the borrower refuses to rescind, 15 U.S.C. § 1640(e) affords the borrower "one year from the refusal of cancellation to file suit[.]"  <u>Miguel</u>, 309 F.3d at 1165.

Defendants counter that in <u>Beach v. Ocwen Federal Bank</u>, 523 U.S. 410 (1998), the Supreme Court held that any lawsuit for rescission cannot be brought more than three years

after the loan was consummated.  At first blush, Defendants' argument appears plausible. In <u>Beach</u>, the Court noted that by its express terms, the right to rescind "shall expire" three years following the consummation of the loan or sale of the property.  523 U.S. at 427. Because the right itself automatically expires, the Court held that "§ 1635(f) completely extinguishes the <u>right of rescission</u> at the end of the 3-year period." <u>Id.</u> at 412 (emphasis added).  Likewise, in <u>Miguel</u>, the Ninth Circuit recognized that § 1635(f) "represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction." 309 F.3d at 1164 (quoting <u>King v. California</u>, 784 F.2d 910, 913 (9th Cir. 1986)).  A careful reading of both <u>Beach</u> and <u>Miguel</u>, however, exposes the flaw in Defendants' analysis of these cases.

      <u>Beach</u> expressly holds that the "right" to rescind exists, at most, for a three-year period following the consummation of the loan.  523 U.S. at 427.  Notably, <u>Beach</u> does not hold or address the time limit within which a borrower is required <u>to file a lawsuit</u> <u>to enforce its right to rescind</u> in the event that the creditor refuses to honor a timely-submitted notice of rescission within the timeframe specified in § 1635(b).  Nonetheless, this distinction was explored by the Ninth Circuit in <u>Miguel</u>.  In <u>Miguel</u>, the borrowers provided a notice of rescission to the lender's agent within three years of the date their mortgage closed, but not to the lender itself.  <u>Miguel</u>, 309 F.3d at 1162.  The court held that "[b]ecause [plaintiff] did not attempt to rescind against the proper entity within the three-year limitation period, her <u>right</u> to rescind expired." <u>Id.</u> at 1164-65 (emphasis added). Notably, however, the court recognized that the result would have been different had the plaintiff provided a notice of rescission <u>to the bank</u> within three years of the date of the loan.  The court explained:

              Miguel argues that she should have been allotted an additional year in which to file suit after the expiration of the three-year period afforded by the statute. While <u>Miguel is correct that 15</u> <u>U.S.C. § 1640(e) provides the borrower one year from the</u> <u>refusal of cancellation to file suit</u>, that is not the issue before us. Rather, the issue is whether her cancellation was effective even though it was not received by the Bank—the creditor—within the three-year statute of repose. We hold that it was not.  <u>While</u> <u>the Bank's servicing agent, Countrywide, received notice of</u> <u>cancellation within the relevant three-year period, no authority</u>

1
2

> <u>supports the proposition that notice to Countrywide should
> suffice for notice to the Bank. Therefore, her right to
> cancellation was extinguished as against the Bank</u>.

3   <u>Id.</u> at 1165 (emphasis added).  In other words, <u>Miguel</u> holds where a borrower fails to

4   timely provide a notice of rescission to the proper entity within three years of the

5   consummation of the loan, the borrower's <u>right</u> to seek rescission is extinguished, by

6   operation of law.  However, where the borrower timely provides such notice to the correct

7   entity, the right to rescind is deemed to have been properly invoked.  At that point, the

8   borrower then has one year from the expiration of the creditor's twenty-day deadline to

9   effect the rescission, as prescribed by § 1635(b), to file suit to enforce his or her right to

10  rescission.  <u>See</u> <u>Miguel</u>, 309 F.3d at 1165.

11      In the instant case, Plaintiffs signed their loan documents on June 16, 2006, and

12  seven months later on January 16, 2007, sent a notice of rescission to MortgageIT.  Under

13  § 1635(b), MortgageIT thus had until February 5, 2007, to act on Plaintiffs' request.  When

14  MortgageIT failed to respond, Plaintiff had one year from February 5, 2007, to file suit.

15  <u>See</u> <u>Miguel</u>, 309 F.3d at 1165.  Since Plaintiffs did not commence this action until February

16  19, 2010, their claim for rescission as to MortgageIT is time-barred.

17      As to the Bank of New York, Plaintiffs timely presented its predecessor-in-interest,

18  Countrywide, with a notice of rescission on June 8, 2007, well within their three year time

19  limit to exercise their right to rescind under § 1635(a).  Thereafter, Plaintiff granted

20  Countrywide two extensions of time to respond to the notice.  On December 22, 2009,

21  Plaintiffs and BAC Home Loans entered into a tolling agreement "with respect to

22  [Plaintiffs'] alleged Truth-in-Lending Act disclosure violation claims for a period of sixty

23  (60) days from the day of this letter."  Simmons Decl. Ex. H.

24      In its reply, the Bank of New York argues that "the tolling agreement was executed

25  too late to save Plaintiffs' claim" because it was signed on December 22, 2009, six months

26  after Plaintiffs allegedly were required to file suit under § 1635.  <u>See</u> Def.'s Reply at 8, Dkt.

27  26.  This contention lacks merit.  Once Plaintiffs exercised their right to rescind, the onus

28  was on the lender to act accordingly within twenty days.  15 U.S.C. § 1635(b).  By mutual

agreement, both the lender's time to respond under § 1635(b)—and by extension, Plaintiffs' time to file suit if Countrywide refused to honor the notice of rescission—were held in abeyance at least until December 22, 2009, when the parties entered into a tolling agreement.  Therefore, based on the limited record presented, the Court cannot conclude at this juncture that Plaintiffs' TILA claim for rescission is time-barred as to the Bank of New York.[6]

### 2.      Expiration of Right to Rescind

Separately, the Bank of New York next contends that Plaintiffs only had three days, as opposed to three years, to seek rescission of their loan on the ground that Plaintiffs allegedly received properly-completed Notices of Right to Cancel when they signed loan papers on June 16, 2006.  As noted, the right to rescind is limited to three days following the consummation of the transaction, unless the requisite disclosures are not made, in which case the time period to exercise such right is extended to three years.  See 15 U.S.C. § 1635(a).  Here, the Bank of New York requests that the Court take judicial notice of copies of the Notices of Right to Cancel purportedly signed by Plaintiffs which show "6-20-06" as the deadline to rescind.  See Def.'s Req. for Jud. Notice, Ex. A, Dkt. 20-1.  The Bank of New York argues that under 15 U.S.C. § 1635(c), Plaintiffs' signatures on the notices "serve as written acknowledgement that they received copies of two properly executed NRCs [Notices of Right to Cancel] and gives rise to a presumption" that these notices were received.  Defs.' Mot. at 5, Dkt. 20.

On a motion to dismiss, a court may consider a document that is not attached to the pleadings only if that document is referenced therein and its authenticity "has not been

---

[6] The Court's ruling does not conclusively determine that Plaintiffs' TILA claim is timely.  Rather, the Court is merely finding that based on the limited record available for consideration on a Rule 12(b)(6), and construing the facts in a light most favorable to Plaintiffs, that their claim is not time-barred on its face.  The Court also makes no finding with respect to the Bank of New York's assertion that the tolling agreement applies only to "disclosure violation claims," as opposed to any claim based on the refusal to rescind, since the Bank of New York made this argument for the first time in its reply.  See In re Rains, 428 F.3d 893, 902 (9th Cir. 2005) (court need not consider new arguments presented in a reply brief).

questioned."  <u>No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W.</u>
<u>Holding Corp.</u>, 320 F.3d 920, 925 n.2 (9th Cir. 2003).  In this case, Plaintiffs challenge the
authenticity of the documents proffered by Defendant, and dispute that they received
completed copies of the notices.  As such, in connection with the instant motion, the Court
is foreclosed from resolving the question of whether Plaintiffs were indeed provided with
the notices, as claimed by the Bank of New York.  See <u>Olivera v. Am. Home Mortg.</u>
<u>Servicing, Inc.</u>, 622 F. Supp. 2d 1218, 1222-23 (N.D. Cal. 2010) (declining to take judicial
notice of alleged Notice of Right to Cancel proffered by defendants where Plaintiffs
challenged its authenticity) (Armstrong, J.).

Even if it were proper to take judicial notice of the copies of the notices proffered by
Defendants, application of the rebuttable presumption under 15 U.S.C. § 1635(c) is
inappropriate at this stage of the proceedings.  By definition, a rebuttal presumption
involves consideration of <u>evidence</u> to determine whether the presumption has been
rebutted.  See <u>Glucksman v. First Franklin Finan. Corp.</u> 601 F. Supp. 2d 511,
514 (E.D.N.Y. 2009) (declining to apply 15 U.S.C. § 1635(c) on a motion to dismiss
because it requires the consideration of evidence).  The Court cannot consider evidence on
a motion to dismiss unless it converts the motion to one for summary judgment under Rule
56, which the Court declines to do.  See Fed. R. Civ. P. 12(d); <u>Lee v. City of Los Angeles</u>,
250 F.3d 668, 688 (9th Cir. 2001).  While the presumption under section 1635(c) may
ultimately prove dispositive of Plaintiffs' TILA claim, that determination cannot be made
on a motion to dismiss.  See <u>Morris v. Bank of Am., No.</u>, No. C 09-2849 SBA, 2010 WL
761318, at *4 (N.D. Cal. Mar. 3, 2010) (Armstrong, J.).

### 3.    Tender Requirement

Finally, both Defendants argue that Plaintiffs cannot seek rescission because they
have not adequately alleged facts to satisfy the "tender" requirement.  TILA provides, in
relevant part, that "[u]pon the performance of the creditor's obligations under this section,
the obligor shall tender the property to the creditor…." 15 U.S.C. § 1635(b).  Under the
plain language of TILA, the creditor's obligation to rescind precedes the borrower's

obligation to tender.  See Yamamoto v. Bank of New York, 339 F.3d 1167, 1170 (9th Cir. 2003) ("The statute adopts a sequence of rescission and tender that must be followed unless the court orders otherwise: within twenty days of receiving a notice of rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations, the borrower is to tender the property."). However, the Ninth Circuit recognized in Yamamoto that the district court has the "discretion to condition rescission on tender by the borrower of the property he had received from the lender."  329 F.3d at 1171 (internal quotation marks and citation omitted).  Such discretion is based on "consideration [of] all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds."  Id. at 1173.

The Ninth Circuit has not yet reached the issue of whether Yamamoto imposes an obligation on the plaintiff to allege in his pleadings that he is willing and able to meet the tender requirement in the event the loan at issue is rescinded.  District courts within this Circuit have reached different conclusions; some have required a plaintiff to plead the present ability to tender the loan proceeds in order to survive a motion to dismiss, while others have declined to impose such a requirement.  See Kakogui v. Amer. Brokers Conduit, No. C 09-4841 JF, 2010 WL 1265201, at *4 (N.D. Cal. Mar. 30, 2010) (collecting cases) (Fogel, J.).  This Court has previously concluded that a plaintiff seeking rescission under TILA must allege a present ability and willingness to tender, but has rejected the notion that a heightened pleading standard applies to such allegations.  See Olivera, 689 F. Supp. 2d at 1224.

Plaintiffs concede that they have not alleged a willingness and ability to tender, but contend that the issue of tender becomes germane only after the lender has agreed to rescind.  As discussed, this Court has previously rejected that supposition.  Requiring a plaintiff to "allege either the present ability to tender the loan proceeds or the expectation that they will be able to tender within a reasonable time" is appropriate because "[i]t makes little sense to let the instant rescission claim proceed absent some indication that the claim will not simply be dismissed at the summary judgment stage after needless depletion of the

1  parties' and the Court's resources."  Romero v. Countrywide Bank, N.A., 740 F. Supp. 2d

2  1129, 1142-43 (N.D. Cal. 2010) (Fogel, J.).  Accordingly, the Court will dismiss Plaintiffs'

3  TILA claim for rescission, with leave to amend to properly allege tender.[7]

4        **C.    DAMAGES**

5        TILA provides that any claim for damages must be brought "within one year from

6  the date of the occurrence of the violation[.]"  15 U.S.C. § 1640(e).  Defendants argue that

7  the statute commenced to run on June 16, 2006, when Plaintiffs signed their loan

8  documents.  Generally, a claim for damages based on the failure to comply with TILA's

9  disclosure requirements accrues when the loan was signed.  See King, 784 F.2d at 914.  In

10 this case, however, Plaintiffs are seeking damages based on Defendants' refusal to allow

11 them to rescind their mortgage.  As such, Plaintiffs had one year from the expiration of the

12 lender's time to respond under § 1635(b) to file a suit for damages.  Consumer Solutions

13 REO, LLC v. Hillery, 658 F. Supp.2d 1002, 1007 (N.D. Cal. 2009) (Chen, J.); see also

14 Cook v. Wells Fargo Bank, No. 09cv2757 WQH, 2010 WL 2724270, at *3 (S.D. Cal. July

15 7, 2010) ("A lender that fails to respond properly to a Notice of Rescission violates TILA

16 Section 1635 and gives rise to damages separate from those time-barred damages claims

17 arising from failures to deliver material disclosures.").

18       As discussed above, MortgageIT had until June 27, 2007 to act on Plaintiffs' request

19 to rescind.  Thus, under § 1640(e), Plaintiffs had one year from June 27, 2007, to file a suit

20 for damages—to the extent such damages are predicated on MortgageIT's failure to

21 respond to their rescission request.  Plaintiffs do not dispute that they filed this action

22 outside the applicable limitations period, but assert that their tolling agreement with BAC

23 Home Loans should be applied to MortgageIT because Plaintiffs have alleged that each of

24 the Defendants was acting as an agent for the other.  See Compl. ¶ 10.  However, there are

25 no facts alleged to support Plaintiffs' boilerplate assertion of agency.  Indeed, it is clear

26 from the allegations of the Complaint that no such agency existed given Plaintiffs'

27

28    [7] The amendment applies only to the Bank of New York.  Plaintiffs' rescission claim
   as to MortgageIT is clearly time-barred and no amendment can cure such deficiency.

admission that MortgageIT assigned its entire interest in the loan to the Bank of New York. Id. ¶ 22.[8] Moreover, the copy of the tolling agreement proffered by Plaintiffs makes no mention of MortgageIT or that the agreement was binding on anyone other than Plaintiffs and BAC Home Loans. In sum, the Court finds no basis for tolling the statute of limitations as to MortgageIT and concludes that Plaintiffs' damages claim against this party is time-barred.

In contrast, the Court declines to dismiss Plaintiffs' TILA claim for damages as to the Bank of New York. Given the extensions of time granted by Plaintiffs to Countrywide and the subsequent tolling agreement with BAC Home Loans, the Court cannot conclude that it is apparent from the face of the Complaint that Plaintiffs' damages claim is time-barred as to the Bank of New York.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.      MortgageIT's motion to dismiss (Dkt. 8) is GRANTED, and all claims alleged against MortgageIT are dismissed with prejudice.

2.      The Bank of New York's motion to dismiss (Dkt. 20) is GRANTED with respect to Plaintiffs' claim for rescission under TILA and DENIED as to Plaintiffs' claim for damages under TILA. Plaintiffs are granted leave to amend to allege their ability and willingness to tender, and shall file their First Amended Complaint within fourteen (14) days of the date this Order is filed.

3.      This Order terminates Docket 8 and 20.

IT IS SO ORDERED.

Dated:  June 27, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[8] The Court also notes that the Mortgage Loan Transfer Disclosure Notice issued by the Bank of New York identifies "BAC Home Loans Servicing, LP," as its agent. Simmons Decl. Ex. I.