|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |
| OAKLAND DIVISION | |

| | |
|---|---|
| KHAWIL and SALMA IBRAHIM, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>MORTGAGEIT, INC., a New York corporation; and BANK OF NEW YORK CORPORATION, a New York corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: C 11-0802 SBA<br><br>**ORDER DENYING DEFENDANT MORTGAGEIT, INC.'S, REQUEST FOR ENTRY OF JUDGMENT**<br><br>Dkt. 29 |

Plaintiffs Khawil and Salma Ibrahim filed the instant action against Defendants MortgageIT, Inc. ("MortgageIT"), and the Bank of New York Corporation ("Bank of New York") in Alameda County Superior Court on February 19, 2010, alleging a single claim for rescission and damages under the Truth in Lending Act ("TILA"). Pursuant to 28 U.S.C. § 1441(a), MortgageIT removed the action on federal question and diversity jurisdiction grounds. On June 28, 2011, the Court granted MortgageIT's motion to dismiss, and dismissed all claims alleged against it with prejudice. 6/28/11 Order, Dkt. 72. Defendant Bank of New York remains a party to the action.

On July 13, 2011, MortgageIT submitted a proposed judgment, requesting that the Court enter final judgment in its favor. Dkt. 29. Under Federal Rule of Civil Procedure 58(b)(2), the Court may direct the entry of a final judgment, "[s]ubject to Rule 54(b)." Rule 54(b) provides that "when multiple parties are involved, the court may direct entry of

1  a final judgment as to one or more, but fewer than all, claims or parties only if the court
2  expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b);
3  Willhauck v. Halpin, 919 F.2d 788, 793 (1st Cir. 1990) ("an order which disposes of one or
4  more parties or claims but does not end the litigation must either be certified as final
5  pursuant to Rule 54(b) or be disposed of with the remainder of the litigation at the
6  conclusion of the entire case in compliance with Rule 58.").

7       The entry of judgment under Rule 54(b) is discretionary, based upon the Court's
8  consideration of "judicial administrative interests as well as the equities involved." Curtiss-
9  Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). "Judgments under Rule 54(b) must
10 be reserved for the unusual case in which the costs and risks of multiplying the number of
11 proceedings and of overcrowding the appellate docket are outbalanced by the pressing
12 needs of the litigants for an early and separate judgment as to some claims or parties."
13 Frank Briscoe Co. v. Morrison–Knudsen Co., 776 F.2d 1414, 1416 (9th Cir. 1985). Here,
14 MortgageIT has neither requested certification under Rule 54(b) nor has it demonstrated
15 that the instant action is "the unusual case" in which certification is appropriate. Id.
16 Accordingly,

17      IT IS HEREBY ORDERED THAT MortgageIT's request for judgment is DENIED.
18      IT IS SO ORDERED.
19 Dated: July 18, 2011

                                            _____
20                                             SAUNDRA BROWN ARMSTRONG
                                            United States District Judge